RICHARD J. KAVANAUGH *vs.* WILLIAM H. ANGEVINE, *T. T.*

JANUARY 11, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker, JJ.

BAKER, J.   This action of assumpsit was heard in the superior court by a justice thereof sitting without a jury. At the conclusion of the trial he rendered a decision in favor of the plaintiff for $500, and the case is now before this court on the defendant's single exception to that decision.

The plaintiff alleges in substance that the town of Bristol is indebted to him in the sum of $1600, contending that he

was the duly appointed and qualified chief of police of that town during the period from June 21, 1934 to February 21, 1935, and that said town has failed to pay him the salary attached to that office and lawfully due him for such period. The defendant denies that the town owes the plaintiff any money growing out of his alleged claim. The trial justice found that the plaintiff was entitled to be paid salary for the period between June 21, 1934 and September 18, 1934.

The principal facts are practically undisputed. From the evidence it appears that the plaintiff, who had been the chief of police of the town of Bristol for several years prior to the happenings involved herein, was suspended from office on June 21, 1934 by the president of the town council of that town, who purported to act under the authority given him by chapter 766 of public laws 1900. At its next meeting on July 6, 1934, the latter reported this suspension to the town council, and presented for record a copy in writing of the notice of suspension which he had personally delivered to the plaintiff on June 21, 1934. The council then voted to continue the plaintiff's suspension until the next regular meeting on July 17, 1934, an affidavit from a doctor having been presented setting out that the plaintiff was confined in a hospital and could not attend any meeting.

On said last-mentioned date, and thereafter at several subsequent meetings of the town council, it was each time voted to continue the suspension of the plaintiff to a certain definite date on which the town council met. Such continuances were granted by that body at the request of the plaintiff whose desires were made known to the town council either by letter from his attorney or by the latter personally when he appeared at the meetings. In one such letter, under date of August 13, 1934, when asking for a continuance until September, the attorney for the plaintiff wrote: "On behalf of Chief Kavanaugh I want to thank your honorable body for the courtesies extended to him . . . ." Further, the official record, kept by the town clerk, of one of the meetings,

namely that held on September 18, 1934, shows that the plaintiff's attorney "appeared personally before the Council and asked that the suspension be continued . . . ."

Formal charges against the plaintiff were made by the president of the town council in writing under oath to that body on October 2, 1934. The town council voted to receive and order recorded these charges, to continue the suspension of the plaintiff to October 16, 1934, to hear said charges on that date and also to arrange for the giving of notice of such hearing to the plaintiff. At the request of his attorney the hearing on the charges was continued from October 16, 1934 to October 22, 1934, and on that date to October 29, 1934, the plaintiff's suspension meantime being continued. On the date last mentioned the trial of the plaintiff on the charges which had been preferred by the president of the town council started before that body. The trial was concluded on November 2, 1934, at which time the town council found the plaintiff guilty as charged, and dismissed and removed him from his office as chief of police of Bristol.

The plaintiff thereupon filed in this court a petition for a writ of *certiorari* seeking to have the record in the above proceedings quashed. The writ was issued and, in accordance with its mandate, the record was duly certified. In an opinion filed February 21, 1935 this court held that the plaintiff had shown no sufficient reason for setting aside the action of the town council in the premises, and the writ of *certiorari* was ordered quashed. *Kavanaugh* v. *Paull*, 55 R. I. 41.

The determination of the issue in the instant case depends largely upon whether or not the plaintiff was lawfully suspended. He contends that his suspension was illegal and wrongful, whereas the defendant takes the contrary position. The plaintiff argues that his entire suspension was invalid because the provisions of chap. 766, *supra*, were not in the first instance complied with by the president of the town council. The trial justice found that the terms of the

statute in question had not been strictly followed and that the plaintiff had been wrongfully suspended from his office; that he was entitled to recover his salary up to September 18, 1934; but not thereafter, because on that date, acting through his attorney, he acquiesced in the suspension and ·so estopped himself from claiming any further salary. Upon consideration, we are of the opinion that the trial justice was in error in holding that the plaintiff's. suspension was invalid.

Section 1 of chap. 766, *supra,* is as follows: "The town council of the town of Bristol may appoint so many and such police officers, including the chief of police, for service in said town as by ordinance the said council may from time to time determine, which said officers, including those already appointed, shall hold their respective offices until vacated by death or resignation, except as hereinafter provided; and the president of said council may at any time suspend any such officer from his office until the adjournment of the next meeting of said council, at which meeting he shall report any and all such suspensions, with his reasons therefor: *Provided, however,* that any one or more of the police officers so appointed shall be subject to removal from office by the said council at any time, ·for misconduct or incapacity of such a character as the said council may deem a disqualification for said office; and all such removals shall be by the said council upon charges made in writing, and of which .the officer complained of shall have notice and opportunity to be heard thereon: *Provided, further, however,* that nothing in this section shall be construed to apply to any police officer or constable other than the members of the paid po- 'lice department of said town of Bristol."

The plaintiff contends, in substance, that his suspension was invalid because of the failure of the president of the 'town council to give to the meeting of that body on July 6, 1934, when he reported to it that he had suspended the ·plaintiff from his office, the reasons for such suspension, as

provided in the statute above set out. Apparently the trial justice accepted this contention as being sound. We find, however, that the procedure followed by the president of the town council, under the circumstances appearing herein, did not invalidate the suspension of the plaintiff.

The portion of the statute under consideration is divided into two parts. The first deals with the suspension of police officers by the president of the town council; the second, with the report of his act and the reasons therefor by that official to the next meeting of the town council. In regard to the act of suspension, there is no requirement in the statute that the president of the town council, at that time, give any reason for his act. It is not a condition precedent to the validity of the suspension in the first instance that a reason be then given by the suspending officer. The said second part, providing that a report of the suspension be made by the president to the town council at its next meeting, together with his reasons therefor, is intended for the benefit of the town council and for its assistance in making a disposition of the matter.

It is clear that the portion of the statute under consideration was intended to give, and did give, the president of the town council of Bristol the power to suspend from his office any police officer of that town "until the adjournment of the next meeting of said council". The obvious purpose of the statute was to place the power of suspension in the president of the town council between the meetings of that body. There can be no doubt, therefore, that in the instant case the plaintiff was lawfully suspended by the president of the town council on June 21, 1934, and that such suspension remained in effect until the close of the next meeting of the town council, which was held on July 6, 1934.

The provisions of the statute in question then require the president of the town council to report to it at its next meeting any interim suspension made by him, together with his reasons therefor. The statute does not require such re-

port, or such reasons, to be given *in writing*. In the instant case, however, the report of the plaintiff's suspension was actually made in writing to the town council by the president at the meeting next following the ordering of the suspension. It is true that the records in evidence of that meeting of the town council do not affirmatively show that the president gave to the council his reasons for making the suspension; but it is equally true that such records do *not* show that such reasons were *not* given, as required. Certainly there is no evidence in the present case to prove that he did not give his reasons *verbally* to the council when he was making his written report of the plaintiff's suspension. For all that appears in evidence, therefore, the president of the town council complied with the provisions of the statute; and the burden in this case rested upon the plaintiff to prove the failure, if any, of the president to follow the requirements of such statute.

But even if the president of the town council on July 6, 1934 had failed to give in any form his reasons for suspending the plaintiff, the town council could waive its right to hear such reasons; or it could act, if it saw fit to do so, upon its own motion and knowledge of the circumstances, without having ascertained the reasons which had caused the president to order the interim suspension. It seems clear, from the town council's vote immediately following the president's report of his previous suspension of the plaintiff, that the president probably accompanied that report with a verbal explanation of his reasons therefor. At any rate, the town council apparently voted upon information and for reasons that were satisfactory to it to suspend the plaintiff.

It appears to be settled that, apart from the statute, the town council would have the right on its own motion to suspend the plaintiff pending a hearing on charges that he be dismissed from his office. At 22 R. C. L. 564 it is stated: "The power to suspend is considered as included in the power of removal for cause, since a suspension is merely a

less severe disciplinary measure." See also *Chace* v. *City Council,* 36 R. I. 331. Considering the subject from that point of view, the acts of the president of the town council in the premises would not be controlling or necessarily material. His failure to give his reasons would not prevent that body from lawfully suspending the plaintiff if it felt that such action was proper.

In the case at bar, after the plaintiff was suspended by the vote of the town council on July 6, 1934, the matter was continued several times at the plaintiff's own request. No claim is made by him that written charges were not presented to the town council and notice thereof given him in ample time for him to prepare his defense before hearings for his removal were held by the town council. After that body had found the plaintiff guilty as charged and had dismissed him from his office he petitioned this court, as hereinbefore set out, seeking to have the above record quashed; but this court refused to grant him the relief he sought and sustained the above action of the town council, thereby, in effect, giving the court's approval to the proceedings which terminated in the plaintiff's dismissal. *Kavanaugh* v. *Paull, supra.*

It is our opinion, therefore, for the reasons above indicated, that the plaintiff was lawfully suspended by the town council on July 6, 1934, and that such suspension continued up to the time he was tried, as aforesaid. Thus cases cited to us by the plaintiff allowing recovery of salary after illegal suspensions are not in point here or decisive of the issue before us.

As the suspension of the plaintiff from his office was, under the circumstances appearing herein, at no time illegal, but was at all times lawful, and culminated in proceedings which resulted in his being found guilty as charged and dismissed from his office, it follows that no salary was due him from the town of Bristol subsequent to June 21, 1934, by reason of his holding the office of chief of police of that town.

We find, therefore, that the trial justice was in error in holding that the suspension of the plaintiff was illegal and that he was entitled to salary amounting to $500. The exception of the defendant to such decision is sustained.

The plaintiff may appear, if he shall see fit, on January 18, 1939, and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*James H. Kiernan, James A. McGuirk,* for plaintiff.
*Joseph A. Hammill,* Town Solicitor, for defendant.